UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEVEN COVES RESORT CONDOMINIUM ASSOCIATION, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-10-3555 |
| GRANITE STATE INSURANCE CO., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Seven Coves Resort Condominium Association, Inc. ("Seven Coves") brought this lawsuit against defendant Granite State Insurance Company ("Granite State") for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing, arising out of Granite State's denial of payment under an insurance policy for damages to their property caused during Hurricane Ike. Before the court is Granite State's motion for partial summary judgment. Dkt. 16.

Granite State seeks summary judgment concerning one aspect of the claims made by Seven Coves—claims relating to a retaining wall or bulkhead on the property (the parties dispute which term is applicable). Granite State argues that Seven Coves cannot recover for any damage to the retaining wall or bulkhead (as opposed to damage claims relating to the buildings themselves) because there is an express exclusion for "bulkheads" which applies, or in the alternative, that an exclusion for "retaining walls that are not part of the building" applies. *Id.* Granite State attaches to its motion an engineering report to the effect that, although the "bulkhead" at issue is integral to the integrity of the building because it prevents erosion of the soil under foundation, it is not

"mechanically attached" to the building. *Id*. Thus, Granite State argues, the exclusion for either a "bulkhead" or for "retaining walls that are not part of the building" applies.

Seven Coves responds, *inter alia*, that the structure at issue is a retaining wall, not a bulkhead, and that it is clearly a "part of the building" because it actually rests within a few feet of the building's foundation, and is actually connected to the building by a concrete pad (although there is no "mechanical" connection in the nature of, e.g., reinforcing rods). Dkt. 18. Indeed, the building actually overhangs the retaining wall in some of the pictures provided by the parties. Thus, Seven Coves asserts, material disputes of fact prevent the court from applying the policy exclusions because the court cannot rule on this record whether a "bulkhead" or "retaining wall" is at issue, or whether the retaining wall is or is not, for purposes of the policy, "a part of" the building. *Id*.

After review of the motion, response, exhibits, and the applicable law, the court agrees with Seven Coves and concludes that there are material disputes of fact concerning the nature of retaining wall/bulkhead, and whether it is "part of" the covered buildings in this case. Accordingly, Granite State's motion for partial summary judgment (Dkt. 16) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on November 22, 2011.

_____
Gray H. Miller
United States District Judge